# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

LAWRENCE FRUMUSA,

                Appellant,

-vs-

LEE E. WOODARD, *Trustee*, & KATHLEEN SCHMITT, *U.S. Trustee*,

                Appellees.

09-CV-6439-CJS

Bankruptcy Case No. 09-21527-JCN

DECISION & ORDER

**Siragusa, J.** Appellant filed a "Notice of Appeal — Order to Lift Stay" pursuant to 28 U.S.C. § 158 (2005) on August 27, 2009, with this Court seeking review of an August 3, 2009, Order of the Honorable John C. Ninfo, U.S. Bankruptcy Judge, granting relief rom a stay (Docket No. 126 in the Bankruptcy case). Included in his Notice was a Civil Cover Sheet form, a certified copy of the Bankruptcy Court docket sheet for case number 2-09-21527-JCN, as well as a copy of the signed Order lifting a "stay of lien enforcement with regard to Valoree Frumusa's non-dischargable Child Support Claim in the amount of $38,500.00, together with $9,000.00 representing May and June 2009 support payments; as well as any future support obligations…." (Order, *In re: Lawrence Frumusa, Debtor*, No. 09-21527 (W.D.N.Y. Bnk. Aug. 3, 2009) 1.) Section 158 authorizes interlocutory appeals from Bankruptcy Court "from interlocutory orders and decrees issued under section 1121(d) of title 11…"[1] and "with leave of the court, from other interlocutory orders and decrees…." 28 U.S.C. § 158(a)(2) & (3). This appeal concerns an "other interlocutory" order.

---

[1] Subsection (d) concerns the 120- and 180-day periods specified in § 1121 for filing a plan, which does not appear to be the subject matter of the appeal before the Court.

Bankruptcy Rule 8003 sets the criteria for a motion[2] for leave to appeal. Such an application must contain:

> (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Bankruptcy Rule 8003 (2009). Although sufficient time has passed since he filed his motion for leave to appeal, Appellant has failed to include (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; and (3) a statement of the reasons why an appeal should be granted. What Appellant has filed, "Appellant's Statement of Issues," consists of three sentences:

> 1. Application for lift of Stay contained factual misrepresentation, hence the Order contains factual misrepresentation.
>
> 2. Timing of filing of the order is a concern to Debtor.
>
> Therefor the Order Granting Lift of Stay filed 8-07-2009 must be vacated. Allowing for the successful Chapter 11 plan of reorganization bases on all four cases.

(Appellant's Statement of Issues 1.) The information he provides does not show that he is entitled to an appeal from Judge Ninfo's Order. It consists merely of a conclusory statement without any discussion revealing how the alleged factual misrepresentation is material and fails to reveal how the timing of the filing of the order is "a concern" and material to Appellant's rights. Accordingly, Appellant's "Notice of Appeal — Order to Lift

---

[2]Bankruptcy Rule 8004 requires the Clerk of the Bankruptcy Court to serve the counsel of record of each party other than the appellant, and the Bankruptcy Court record filed with the motion shows notice on sixteen attorneys on August 12, 2009 (Docket No. 1-4 at 2).

Stay" is construed as a motion for leave to appeal under 28 U.S.C. § 158 and is denied with prejudice. The Clerk is directed to close this matter.

IT IS SO ORDERED.

Dated: December 11, 2009
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge